[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has applied for the reassessment of damages assessed by the defendant. CT Page 2159
The property is located in the town of Old Saybrook and is located on the easterly side of the Middlesex Turnpike (Rte. 154) contiguous to the entrance ramp to Rte. 9
At the date of taking on January 29, 1989, the parcel was a vacant lot. It contained 1.3 A, or 57,703 sq. ft.
It is located in a B-2 zone described as a Shopping Center District: It has a variety of commercial uses, e.g.: retail stores, business and professional offices, banks, medical and dental clinics, indoor theaters, hotels and motels, bowling alleys, etc.
The B-2 zone requires setbacks: 25 feet from street line and 10 feet from side lines and rear property line.
It also requires maximum coverage of 40%
Sec. 9 of the Old Saybrook Zoning Regulations define "total coverage" as follows:
 Coverage, Total: Total ground coverage on a lot consists of the aggregate ground coverage of all buildings and structures, outside storage areas and all areas of offstreet parking and loading spaces and acess aisles and circulation driveways but excluding pedestrian sidewalks, ornamental plazas and terraces, signs and landscaped islands within parking areas.
The lot is also located in an Aquifier Protection district. The district encompasses the areas drained by surface waters that are existing or designated as potential and important sources of public water supply.
Sec. 57.4.5(b) of the Old Saybrook Zoning Regulations, as part of the Aquifier Protection District regulations, provides that the total ground coverage by buildings and other structures, outside storage and paving on any lot shall not exceed 30% of the area of the lot.
F. Jerome Silverstein was engaged as an appraiser by the plaintiff. He analyzed three comparables. He placed the valuation on the land at $420,000.
John B. Flint was engaged as an appraiser by CT Page 2160 the defendant. He also analyzed three comparables. He placed the valuation on the land at $110,000.
One of the three comparables by the two appraisers were the same.
Flint had devalued the property materially because he felt that the property was in an Aquifier Protection District. He felt that only .39 acres are useable "due to regulations governing the Aquifier Protection Zone." (Sec. 57.4.5(b) of the zoning regulations.)
The three comparables that Flint used were all in a B-4 zone. The zoning regulations required maximum coverage of 40%, like the B-2 zone.
When he made his calculations as the comparables, he would take 30% of the acreage as useable land when the property was in an Aquifier Protection district; however, he did not take 40% of the acreage as useable land when the comparable was not in an Aquifier Protection District.
The court notes that Sec. 9 of the zoning regulations that maximum coverage includes 11 areas of offstreet parking. The regulations as to the Aquifier Protection District includes paving as to maximum coverage. In the Aquifier Protection District does not preclude offstreet parking, unless the area of the off-street parking is paved.
In short, because this parcel of land is in an Aquifier Protection District it does not diminish materially the value of the property.
Flint also devalued the property because there was no public water and the water line would have to be extended approximately 3,000 feet. Flint estimated the cost of water main extension at $55,000 — $75,000.
It is relatively inexpensive to dig a well on the property, especially when the land is in an Aquifier Protection District.
Of its own knowledge, the court is of the opinion that commercial property had slightly decreased in value between the summer of 1988 until January 27, 1989.
The court values the property on January 27, 1989 at $350,000. CT Page 2161
The court awards interest at a reasonable rate of 10%. $39,000 in interest is awarded.
The court awards appraisal fee of $3,000. The plaintiff claims engineering fee and title search fee presumably as taxable costs. The court denies the award of engineering and title search fees.
EDELBERG STATE TRIAL REFEREE